1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9            NORTHERN DISTRICT OF CALIFORNIA
10                  SAN JOSE DIVISION
11

12  OSCAR ALAN MARTINEZ,                    Case No. 14-cv-05253 NC

13                  Petitioner,

14                                          **ORDER TO SHOW CAUSE WHY**
                                            **WRIT PETITION SHOULD NOT BE**
15            v.                            **DISMISSED FOR LACK OF**
                                            **JURISDICTION**
16
    ERIC HOLDER, Attorney General of the
17  United States, and others,
                                            **Dkt. No. 1**
18                  Respondents.

19

20

21      Oscar Alan Martinez petitions for a Writ of Habeas Corpus vacating his Final Order

22  of Administrative Removal.  In his petition, Martinez asserts that he is a citizen and national

23  of Mexico and he is presently being detained by U.S. immigration authorities at a facility in

24  Elk Grove, California.  Dkt. No. 1 ¶ 7.  The petition further asserts that Martinez is subject

25  to a Final Administrative Removal Order.   Dkt. No. 1 ¶ 11.  In both his "CLAIM FOR

26  RELIEF" and "PRAYER FOR RELIEF" Martinez seeks to vacate the Final Order of

27  Administrative Removal.  Dkt. No. 1 at 4-5.

28

1
2
3

     In a separately filed Motion for Stay of Removal, Martinez asks for a stay of his removal, so that he may "challenge the illegality of the Final Administrative Order which was issued in his case." Dkt. No. 4 at 1.

4

     No defendants have yet appeared in this action.

5
6
7
8
9
10
11

     The Court now issues this Order to Show Cause why the petition should not be dismissed for lack of jurisdiction.  In 2005, Congress enacted the REAL ID Act of 2005, which expanded the jurisdiction of the circuit courts over final orders of removal and eliminated district court jurisdiction. *See Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005).  The Act eliminated habeas jurisdiction, including under 28 U.S.C. § 2241, over final orders of deportation, exclusion, or removal.  *Id.*  The central jurisdictional provision of the Act is 8 U.S.C. § 1252(b)(9):

12
13
14
15
16
17

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.  Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9).

18
19
20
21
22
23

     Accordingly, petitioner must show cause in writing by December 10, 2014, at noon why this action should not be dismissed for lack of jurisdiction.  *See Rogelio Barragan-Campos v. Michael Chertoff*, ECF No. 06-cv-07057 CRB, Dkt. No. 31 (N.D. Cal. Jan. 10, 2007) (dismissing challenge to deportation order for lack of jurisdiction).  If the Court lacks jurisdiction, then it does not possess authority to rule on petitioner's application for order to show cause and motion for stay of removal.  Dkt. Nos. 3, 4.

24
25
26
27

     The Court will hold a hearing on the OSC on December 10, 2014, 3:00 p.m. in San Francisco Courtroom A.  Petitioner's counsel may participate by telephone by contacting the Court's deputy in advance at (415) 522-2039.

28

1    IT IS SO ORDERED.

2    Date:  December 8, 2014

3                                                    _____
                                                     Nathanael M. Cousins
4                                                    United States Magistrate Judge